The opinion of the court was delivered by Ewing, C. J.
In the court below Simmons sued for goods sold and delivered, and his demand was admitted to be just. Baldwin claimed an off-set *for the amount of a promissory [*197 note drawn by one Moses Bailey, payable to Lott Pratt or order. Some time before this note became due, Baldwin then being indebted to Simmons on the sale of the goods for which this suit is brought, placed the note, having the endorsement of Pratt in blank upon it, in the Hands of Simmons, who, as well as the drawer, resided in the city of New York. Of what passed at the time, and of the terms on which the note was so placed, there is no direct testimony. The son of Simmons, under the direction of Baldwin, about the time the note became due, demanded payment of the drawer, who said it was inconvenient then to pay it, but promised to do so in a few days, at a time fixed. In the interval he absconded. No protest was made, nor notice given to Pratt, the endorser. Some time afterwards the son of the plaintiff came to Newark, and there, at the store of Baldwin, was informed by him, where Pratt lived, on whom he called, and endeavored to get him to take the note again, which was refused. The note had not been endorsed by Baldwin. Some other circumstances were given in evidence by Simmons, for the purpose of shewing that he acted *248 as agent merely, and under the instructions of Baldwin. A verdict was rendered for Simmons without allowance of the set-off, upon which judgment was given.
It was contended on the argument here, by the counsel of Baldwin, the plaintiff in certiorari, that the note was taken by Simmons in consequence of the debt for the goods sold, and as a conditional payment, and that having failed to exercise proper diligence for the recovery of the. note, he must sustain the loss, and the off-set should therefore have been allowed.
On the part of Simmons, it was insisted that he received the note merely as the agent of Baldwin, that he had pursued all the directions which had been given to him, and was therefore in no wise liable for the loss of the note.
It was admitted on both sides that the note had not been received by Simmons as an absolute payment, and the law as stated by each of the counsel, being founded on his own view of the facts, was not controverted by the other.
The only question then raised and presented to us by the • parties is, a pure question of fact, whether Simmons received the note as a conditional payment' of the antecedent debt, or as the mere agent of Baldwin, to collect the money according to his direction, and hold -it, when collected, subject to his order.
*198] *Inasmuch then as the whole case turned on this point of fact; inasmuch as the verdict of the'jury, the proper tribunal, has fixed the matter of fact; inasmuch as if.the verdict had been contrary to the evidence, the court below had authority to set aside such verdict, Squier v. Gale, 1 Halst. 157, and would doubtless, if applied to, have properly exercised the power; and inasmuch as it does not appear, nor is it alleged that any incorrect decision or charge in point of law was given by the court below to the jury, there is not any ground on which we can act to interfere with the judgment. It'has been long since and repeatedly decided *249 tbit this court will not enquire, on certiorari, whether a verdict was against evidence. Coxe 76, 94, 227, 228; Pen. 277; 2 South. 815; 3 Halst. 255.
Let the judgment be affirmed. *>